IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-00091-PAB-KLM

DOROTHY H. KELLY,

    Plaintiff,

v.

WOLPOFF & ABRAMSON, L.L.P.,
a Maryland limited liability partnership,

    Defendant.

_____

**ORDER**
_____

    This matter comes before the Court on a matter left unresolved at the March 26, 2009 hearing on Defendant's Motion and Memorandum of Law in Support for Assessment of Sanctions Against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 [Docket No. 66], namely, the amount of attorney's fees and costs awarded.

    At the March 26, 2009 hearing, the Court granted defendant Wolpoff & Abramson, L.L.P.'s motion for sanctions against plaintiff's counsel. The Court also ordered defendant to revise and re-submit its claim for attorney's fees and costs to exclude any fees, costs, or expenses related to the theory that MBNA America Bank's charge off of the debt operated as an extinguishment of the obligation. On April 2, 2009, defendant filed an Amended Affidavit of John D. Phillips, Jr., Esq. in Support of Motion for Sanctions [Docket No. 80]. The affidavit attaches billing records previously appended to the motion for sanctions, *see* Docket No. 66-7, which have been

annotated to indicate certain time and costs for which defendant no longer requests reimbursement in the form of sanctions.  The effect of such revisions is that defendant now asks the Court to award attorney's fees and costs in the amount of $11,086.40.

In response to the amended affidavit, plaintiff filed a pleading entitled Plaintiff's Objection [Docket No. 81], which makes two objections regarding defendant's request for attorney's fees and costs.  The Court reviews these objections below.

Plaintiff argues that Local Rule 54.3 requires that a motion for attorney's fees "be sworn to by a document showing counsel's *relevant* qualifications and experience." Plaintiff's Objection at 3 (emphasis in original).  Plaintiff claims that Mr. Phillips' original affidavit [Docket No. 66-8] attached to the motion for sanctions and Mr. Phillips' amended affidavit [Docket No. 80] fail to provide such information for any attorney who provided services to defendant.  Local Rule 54.3.B requires that motions for attorney's fees "shall include the following for each person for whom fees are claimed: . . . . (2) a summary of relevant qualifications and experience."  The Court finds that the original affidavit provides sufficient information regarding defendant's lead counsel, Mr. Phillips, to comply with the Local Rule.  However, neither the original affidavit nor the amended affidavit provides such information for any attorney or employee other than Mr. Phillips. The Court nevertheless overrules this objection.  First, the purpose of the Local Rule is for the Court to be able to assess the reasonableness of the time spent on a given task and the hourly rate charged to perform it.  Here the only person other than Mr. Phillips who appears on the relevant billing records is "T. Toles," who spent 2.6 hours at a rate of between $125 and $130 per hour on matters related to this case.  The Court has reviewed the description of the tasks that Toles performed and finds that no particular

expertise was required; a paralegal or anyone with a law license could perform these tasks. The Court will assume Toles served in one of these positions. Thus, the Court can perform its review function without knowing Toles' qualifications and experience. Second, and equally important, is that neither plaintiff nor plaintiff's counsel raised this objection in the response [Docket No. 70] to the motion for sanctions or at the March 26, 2009 hearing. The Court ordered the defendant to file amended billing records to comply with the Court's order excluding certain categories of costs and fees. Objections that do not pertain to that issue are untimely.

Plaintiff also objects to the billing records on the grounds that none of them distinguish between "work on the 'MBNA sold the account' issue as opposed to the 'extinguishment/charge off' issue." Plaintiff's Objection at 4. As a result, plaintiff argues that the Court is unable to make an independent determination of what charges should be excluded pursuant to the Court's directive at the March 26, 2009 hearing. The Court disagrees. No time entries for which defendant now seeks fees appear to relate to the "extinguishment/charge off" issue, nor has plaintiff identified any. The Court therefore finds that the remaining time entries comply with the March 26 directive.

The Court has carefully reviewed each of the time entries and associated costs, as well as the hourly rate charges for Mr. Phillips' and Toles' time. The Court finds that the time spent on each task is reasonable. Moreover, the Court finds the rates charged to be reasonable for the type of work performed. Plaintiff has not challenged either of these issues. The Court does, however, correct a computational error by defendant. Defendant's "Billings Adjustment Recap" [Docket No. 80-3] lists a $240.00 adjustment on the May 9, 2008 invoice. However, the corresponding bill shows an exclusion of 0.8

hours of Mr. Phillips' time which is charged at $350.00 per hour [Docket No. 80-2 at 22-23].  Therefore, the exclusion should be $280.00 rather than the $240.00 listed in defendant's summary.  Accordingly, the total attorney's fee is adjusted downward by $40.00.

Therefore, pursuant to the Court's granting of the defendant's Motion for Assessment of Sanctions against Plaintiff's Counsel Pursuant to 28 U.S.C. § 1927 [Docket No. 66] on March 26, 2009, it is

**ORDERED** that the Court awards attorney's fees in the amount of $10,991.50 and costs in the amount of $54.90 to defendant Wolpoff & Abramson, L.L.P. and against counsel for plaintiff, Terry Wallace.

DATED February 22, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge